|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ERICK SERRANO, | Case No. 2:23-cv-00740-JDP (PC) |
| --- | --- |
| Plaintiff, | |
| v. | ORDER |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983.

The federal venue statute requires that a civil action be brought in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, no defendant resides in this district, and plaintiff's claims arose in Los Angeles County in the Central District of California. *See* 28 U.S.C. § 84(c)(2). This action

1

should have been filed in the U.S. District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a); *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, it is hereby ORDERED that this matter is transferred to the U.S. District Court for the Central District of California.

IT IS SO ORDERED.

Dated: April 25, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE